AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

AUG 21 2026 2:27 PM

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

United States of America
v.

ARTURO AMBROS-BELTRAN

*Defendant(s)*

Case No. 3:26 mj 348

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 16, 2026 in the county of Darke in the Southern District of Ohio, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(1) | Reentry of Removed Alien. |

This criminal complaint is based on these facts:

See affidavit of SA Branson Yeakley, HSI

☑ Continued on the attached sheet.

BRANSON T YEAKLEY Digitally signed by BRANSON T YEAKLEY Date: 2026.08.21 10:34:27 -04'00'

*Complainant's signature*

SA Branson Yeakley, HSI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means).*

Date: 8/21/2026

*Judge's signature*

City and state: Dayton, Ohio

Caroline Gentry
UNITED STATES MAGISTRATE JUDGE

*Printed name and title*

# AFFIDAVIT

I, Branson Trey Yeakley, being duly sworn, do hereby depose and say:

1. I have been a Special Agent (SA) for the United States government since September 2019. I began as a SA with the Air Force Office of Special Investigations (OSI) until transferring to Homeland Security Investigations (HSI) in December 2023. My current duties include but are not limited to the investigation of violations of Title 8 and Title 18 of the United States Code. As part of my training, I attended the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP), Air Force OSI Basic Special Investigator's Course (BSIC), and HSI Special Agent Training Program (HSISAT) where I received training of various criminal violations, including the violation detailed in this affidavit. I have conducted numerous investigations of federal violations of law, including immigration violations.

2. This affidavit is made in support of a criminal complaint and arrest warrant for Arturo AMBROS-BELTRAN (hereinafter referred to as AMBROS-BELTRAN), charging him with violating Title 8, United States Code, Section 1326(a) and (b)(1), Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, databases, other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

3. On or about the early hours of August 16, 2026, AMBROS-BELTRAN was arrested by the Darke County (OH) Sheriff's Office for a misdemeanor violation of driving

under the influence of alcohol and taken to the Darke County Jail, which is located within the Southern District of Ohio. AMBROS-BELTRAN entered a guilty plea to driving under the influence on August 17, 2026.

4. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Cincinnati received notification that AMBROS-BELTRAN was located at the Darke County Jail following this arrest. The ERO Cincinnati duty officer contacted AMBROS-BELTRAN via telephone. AMBROS-BELTRAN admitted to being illegally present in the United States. Upon learning this, ERO Cincinnati sent an immigration detainer to the Darke County Jail.

5. On August 19, 2026, ERO Cincinnati took custody of AMBROS-BELTRAN from the Darke County Jail, based on the outstanding detainer and an immigration administrative arrest warrant. ERO Cincinnati transported AMBROS-BELTRAN to the ERO Cincinnati office in Blue Ash, OH.

6. During processing for his immigration arrest, AMBROS-BELTRAN's fingerprints were scanned and enrolled in various Department of Homeland Security (DHS) databases, which confirmed the subject's identity, along with his immigration and criminal history. This showed AMBROS-BELTRAN's alien registration number (A-number) was 201-114-897. AMBROS-BELTRAN was born in Mexico, had Mexican citizenship, and did not make any claim to U.S. citizenship or otherwise lawful presence in the United States

7. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present

in the United States. I also know that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. Occasionally, particularly before most records were at least partially digitized, foreign nationals received multiple A-numbers that were combined together. AMBROS-BELTRAN's A-file is maintained under A-numbers 201-114-897. I know that in addition to A-files, DHS utilizes numerous databases and indices to store immigration related information that correlates with documents found in the A-file.

8. On August 19, 2026, I reviewed the above-mentioned databases for records associated with AMBROS-BELTRAN'S A-file / A-number, and determined the following:

a. On February 7, 2011, AMBROS-BELTRAN was found present within the U.S. without admission or parole and arrested. On March 29, 2011, an immigration judge (IJ) at Los Fresnos, TX, ordered Arturo AMBROSE-BELTRAN removed from the United States to Mexico. Also on or about March 29, 2011, he was removed through Brownsville, TX.

b. On January 19, 2018, the Darke County Municipal Court at Greenville, OH convicted AMBROS-BELTRAN of Domestic Violence in violation of Ohio Revised Code (ORC) 2919.25(A), Using Weapons While Intoxicated in violation of ORC 2923.15 and Domestic Violence Threat in violation of ORC 2919.25(C).

On January 22, 2018, Cincinnati ERO arrested AMBROS-BELTRAN at the Darke County Jail and re-instated his removal order. On January 30, 2018, AMBROS-BELTRAN was removed through Laredo Columbia Bridge, TX, to Mexico.

c. On January 24, 2019, U.S. Border Patrol apprehended AMBROS-BELTRAN near Hidalgo, TX. He admitted he was a native and citizen of Mexico and freely admitted having entered the United States illegally by rafting across the Rio Grande River (a place not designated as a port of Entry by the Attorney General of the United States, and or the Secretary of Homeland Security, successor, and thus was not admitted, inspected, or paroled into the United States by a U.S. Immigration Officer). His removal order was re-instated, and he was removed through Hidalgo, TX on January 25, 2019.

d. On or about February 25, 2019, AMBROS-BELTRAN was apprehended by U.S Border Patrol near Sarita, Texas. AMBROS-BELTRAN admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry. On March 27, 2019, a grand jury in the Southern District of Texas indicted AMBROS for a violation of 8 U.S.C 1326(a)(1) and 8 U.S.C 1326(a)(1). On April 8, 2019, AMBROS pled guilty. On June 18, 2019, AMBROS-BELTRAN was sentenced to time served. His removal order was re-instated, and he was removed through Laredo, TX on June 20, 2019.

e. On October 21, 2022, AMBROS-BELTRAN was apprehended by U.S. Border Patrol near Douglas, Arizona. AMBROS-BELTRAN admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry. His removal order was re-instated, and he was removed through Nogales, AZ on October 23, 2022.

9. I also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that AMBROS-BELTRAN had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or his designated successor or the Secretary of Homeland Security, to re-enter the United States legally since AMBROS-BELTRAN had last been deported.

10. Based on the foregoing facts, there is probable cause to believe that AMBROS-BELTRAN has violated Title 8, United States Code, Section 1326(a): Illegal Alien Found in the United States Following Deportation.

BRANSON T YEAKLEY Digitally signed by BRANSON T YEAKLEY Date: 2026.08.21 10:35:45 -04'00'

Branson Trey Yeakley
Special Agent – HSI

Subscribed and sworn to me by telephone me on this 21st day of August, 2026.

Caroline Gentry
UNITED STATES MAGISTRATE JUDGE